# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARK W. DOBRONSKI,
an individual

           Plaintiff,

   v.

CHW GROUP, INC.,
a New Jersey Corporation
d/b/a CHOICE HOME WARRANTY,

           Defendant.

Case No. 2:24-cv-11649-LVP-KGA

Hon. Linda V. Parker
Hon. Kimberly G. Altman

---

**DEFENDANT'S MOTION FOR CERTIFICATION OF THIS COURT'S AUGUST 21, 2025 ORDER FOR AN INTERLOCUTORY APPEAL AND FOR A STAY OF PROCEEDINGS**

Pursuant to 28 U.S.C. § 1292(b), Defendant CHW Group, Inc. ("CHW") respectfully moves this Court to certify its August 21, 2025 Order (ECF No. 17, "Order") denying CHW's Motion to Dismiss (ECF No. 12, "Motion") for an interlocutory appeal, and for a stay of these proceedings. Specifically, for the reasons discussed below, CHW seeks certification for an interlocutory appeal and a stay of this case pending the outcome of the appellate proceedings because: (1) the Order involves controlling questions of law as to which there are substantial grounds for differences of opinion—*e.g.*, the necessity of and the correct standards for pleading a plausible direct or vicarious liability theory under the Telephone Consumer Protection

Act ("TCPA") and whether those standards were properly applied to the allegations pled in Plaintiff's Complaint (ECF No. 1, "Complaint") against CHW in this case; (2) an immediate appeal of those questions may materially advance the ultimate termination of this case; and (3) the Court should stay this action pending the Sixth Circuit's decision to grant interlocutory review and, if granted, until the conclusion of appellate proceedings for the sake of judicial and party economy.

Pursuant to Local Rule 7.1(a), counsel for Defendant certifies that he conferred with Plaintiff via email on September 3 and October 9, 2025 about this motion. In response, Plaintiff indicated that he intends to oppose the relief sought in this motion.

WHEREFORE, for these reasons, for the reasons set forth in the Brief in Support which is incorporated herein by reference, and for such reasons as may be presented to the Court prior to its ruling hereon, the Court should enter an order (i) granting this motion, (ii) certifying its Order for interlocutory appeal to the Sixth Circuit, and (iii) staying this action pending the Sixth Circuit's decision to grant interlocutory review and (if granted) until the conclusion of appellate proceedings.

Dated: October 17, 2025     Respectfully submitted,


         By: /s/ A. Paul Heeringa

         **MANATT, PHELPS & PHILLIPS, LLP**
         A. Paul Heeringa (IL Bar No. 6288233)
         151 N. Franklin Street, Suite 2600
         Chicago, Illinois 60606
         Telephone: (312) 529-6300
         Email: pheeringa@manatt.com

         Jonathan F. Karmo
         **Howard & Howard PLLC**
         450 West 4th St
         Royal Oak, MI 48067
         Telephone: (248) 723-0325
         Email: jfk@h2law.com


         ***Attorneys for Defendant CHW Group, Inc.***

3

# TABLE OF CONTENTS

**Page**

BRIEF IN SUPPORT OF MOTION TO CERTIFY ...................................................1

I.     INTRODUCTION ........................................................................................1

II.    ARGUMENT ...............................................................................................9

       A.    The Court's Order Involves Controlling Questions of Law. .................9

       B.    There are Substantial Grounds for Difference of Opinion as to the Controlling Questions of Law In the Court's Order. .....................13

            1.    There is Little Binding Precedent in the Sixth Circuit On the Standards for Pleading Direct or Vicarious TCPA Liability. ..................................................................................14

            2.    Other Courts in the Sixth Circuit and Elsewhere Have Reached Different Conclusions Than This Court on The Same Controlling Legal Issues of Direct and Vicarious Liability. ..................................................................................16

       C.    An Immediate Appeal of the Order to the Sixth Circuit Would Materially Advance the Ultimate Termination of this Entire Case. .......................................................................................................20

       D.    This Case Should Be Stayed During the Appellate Proceedings. .......21

III.    CONCLUSION..........................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aaronson v. CHW Grp., Inc.*,
2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ......................................................5

*Bank v. Alleviate Tax, LLC*,
2024 WL 1332635 (E.D.N.Y. Mar. 28, 2024)................................................8, 17

*Barker v. Sunrun Inc.*,
2019 WL 1983291 (D.N.M. Apr. 29, 2019).........................................................8

*Belleville v. Florida Insur. Services, Inc.*,
2024 WL 2342337 (S.D. Fla. May 23, 2024).....................................................18

*Bennett v. Celtic Ins. Co.*,
2022 WL 865837 (N.D. Ill. Mar. 23, 2022) ....................................................5, 18

*Brickman v. Facebook, Inc.*,
2017 WL 1508719 (N.D. Cal. Apr. 27, 2017)....................................................11

*Cerjanec v. FCA US, LLC*,
2018 WL 7152556 (E.D. Mich. Sept. 4, 2018) ...........................................passim

*Charvat v. EchoStar Satellite*,
630 F.3d 459 (6th Cir. 2010) .............................................................................15

*Childress v. City of Cincinnati, Ohio*,
765 F. Supp. 3d 662 (S.D. Ohio 2025) ................................................................2

*Cholakyan v. Mercedes-Benz USA, LLC*,
2012 WL 12861143 (C.D. Cal. Jan. 12, 2012)...................................................19

*Compressor Eng'g Corp. v. Manuf's Fin. Corp.*,
746 F. App'x 460 (6th Cir. 2018)........................................................................15

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ...............................................................................1

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
648 F.3d 365 (6th Cir. 2011) .............................................................................10

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
2021 WL 1946645 (M.D. Tenn. May 14, 2021) ......................................4, 13, 16

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Delgado v. eMortgage Funding LLC*,
2022 WL 229884 (E.D. Mich. Jan. 25, 2022) (Friedman, J.)......................passim

*Dobronski v. Baid*,
2024 WL 3997059 (E.D. Mich. Aug. 29, 2024)...................................................3

*Dobronski v. Fam. First Life, LLC*,
2024 WL 1342668 (E.D. Mich. Mar. 29, 2024)..................................................3

*Dobronski v. Juliasangel Mktg., LLC*,
2025 WL 2659265 (E.D. Mich. Sept. 17, 2025) (Berg, J.) ................................2

*Dobronski v. Russo*,
2024 WL 4363118 (E.D. Mich. Sept. 30, 2024) (DeClerq, J.) ...........................1

*Dunigan v. Thomas*,
2023 WL 2215954 (E.D. Mich. Feb. 24, 2023)................................................19

*Eberline v. Douglas J. Holdings, Inc.*,
2019 WL 989284 (E.D. Mich. Mar. 1, 2019)................................................1, 22

*Exclusively Cats Veterinary Hosp., P.C. v. M/A/R/C Rsch., L.L.C.*,
444 F. Supp. 3d 775 (E.D. Mich. 2020) ............................................................21

*Flint v. Ky. Dept. of Corr.*,
270 F.3d 340 (6th Cir. 2001) ............................................................................11

*Hicks v. Alarm.com*,
2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ......................................................8

*Hurley v. Messer*,
2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018)....................................................6

*Hyatt v. J.B. Hunt Transp. Servs., Inc.*,
2015 WL 13648356 (W.D. Ark. June 16, 2015) ...........................................6, 19

*Imhoff Inv., L.L.C. v. Alfoccino, Inc.*,
792 F.3d 627 (6th Cir. 2015) ............................................................................15

*In re Auto. Parts Antitrust Litig.*,
2013 WL 4784682 (E.D. Mich. Sept. 6, 2013) .................................................11

*In re Baker & Getty Fin. Servs., Inc.*,
954 F.2d 1169 (6th Cir. 1992) ..........................................................................10

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Miedzianowski,*
735 F.3d 383 (6th Cir. 2013) ..............................................................14

*In re Rules & Regs. Implementing the TCPA,*
30 FCC Rcd. 7961 (2015) ...............................................................6, 17

*In re Trump,*
874 F.3d 948 (6th Cir. 2017) .......................................................passim

*Katz v. Caliber Home Loans, Inc.,*
2023 WL 5311488 (N.D. Tex. Aug. 17, 2023) ...................................18

*Keating v. Peterson's Nelnet, LLC,*
615 F.App'x 365 (6th Cir. 2015) ........................................................15

*Klinghoffer v. S.N.C. Achille Lauro,*
921 F.2d 21 (2d Cir. 1990) .................................................................10

*Kolley v. Adult Protective Servs.,*
725 F.3d 581 (6th Cir. 2013) ................................................................7

*Lucas v. Telemarketer Calling from (407) 476-5680,*
2019 WL 3021233 (6th Cir. May 29, 2019) .................................passim

*Matthews v. Senior Life Ins. Co.,*
2025 WL 1181789 (E.D. Va. Apr. 22, 2025) ..................................7, 20

*Metzler v. Pure Energy USA LLC,*
2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023) .......................................17

*Murray v. Choice Energy, LLC,*
2015 WL 4204398 (S.D. Ohio July 10, 2015) ..........................5, 13, 17

*Newsome v. Young Supply Co.,*
873 F. Supp. 2d 872 (E.D. Mich. 2012) ..........................10, 14, 16, 20

*Phipps v. Wal-Mart Stores, Inc.,*
792 F.3d 637 (6th Cir. 2015), *abrogated on other grounds by China
Agritech, Inc. v. Resh,* 138 S. Ct. 1800 (2018) ...................................10

*Reese v. B.P. Exploration, Inc.,*
643 F.3d 681 (9th Cir. 2011) ..............................................................13

*Reliable Carriers Inc. v. Moving Sites LLC,*
2018 WL 1477666 (E.D. Mich. Mar. 27, 2018) .................................10

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Scruggs v. CHW Grp., Inc.*,
  2020 WL 9348208 (E.D. Va. Nov. 12, 2020) .............................................5, 8, 18

*Siding & Insulation Co. v. Alco Vending, Inc.*,
  822 F.3d 886 (6th Cir. 2016) ...................................................................................15

*Sims v. First Horizon Nat. Corp.*,
  2010 WL 1050976 (W.D. Tenn. Mar. 22, 2010)..................................................21

*W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of
  Memphis*,
  138 F. Supp. 2d 1015 (W.D. Tenn. 2000) .....................................................11, 21

*Wang v. Gen. Motors, LLC*,
  2019 WL 1950185 (E.D. Mich. May 2, 2019) ....................................................14

*Wick v. Twilio Inc.*,
  2017 WL 2964855 (W.D. Wash. July 12, 2017)..................................................18

*Williams v. Mehra*,
  186 F.3d 685 (6th Cir. 1999) ...................................................................................11

*Yuhasz v. Brush Wellman, Inc.*,
  341 F.3d 559 (6th Cir. 2003) .........................................................................2, 7, 19

**STATUTES**

28 U.S.C. § 1292(b) ....................................................................................passim

28 U.S.C. § 1367.....................................................................................................21

**RULES**

Fed. R. App. P. 5(a)(3).......................................................................................1, 23

Fed. R. Civ. P. 1 ........................................................................................................9

Fed. R. Civ. P. 12(b)(1).............................................................................................8

Fed. R. Civ. P. 12(b)(6)..................................................................................passim

## I.  ISSUES PRESENTED

1.  Whether the Order meets the certification requirements of 28 U.S.C. § 1292(b), and the Court should certify its Order for an immediate interlocutory appeal.

2.  If certification is granted, whether the Court should stay these proceedings during the pendency of the appellate proceedings for efficiency.

## II.  CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- 28 U.S.C. § 1292(b)
- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Cerjanec v. FCA US, LLC,* 2018 WL 7152556 (E.D. Mich. Sept. 4, 2018)
- *Cunningham v. Health Plan Intermediaries Holdings, LLC,* 2021 WL 1946645 (M.D. Tenn. May 14, 2021)
- *Delgado v. eMortgage Funding LLC*, 2022 WL 229884 (E.D. Mich. Jan. 25, 2022)
- *Dobronski v. Juliasangel Mktg.,* 2025 WL 2659265 (E.D. Mich. Sept. 17, 2025)
- *Dobronski v. Russo*, 2024 WL 4363118 (E.D. Mich. Sept. 30, 2024)
- *Eberline v. Douglas J. Holdings, Inc.*, 2019 WL 989284 (E.D. Mich. Mar. 1, 2019)
- *Flint v. Ky. Dept. of Corr.,* 270 F.3d 340 (6th Cir. 2001)
- *In re Auto. Parts Antitrust Litig.,* 2013 WL 4784682 (E.D. Mich. Sept. 6, 2013)
- *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169 (6th Cir. 1992)
- *In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013)
- *In re Trump*, 874 F.3d 948 (6th Cir. 2017)
- *Kolley v. Adult Protective Servs.,* 725 F.3d 581 (6th Cir. 2013)
- *Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233 (6th Cir. May 29, 2019)
- *Metzler v. Pure Energy USA LLC*, 2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023)
- *Newsome v. Young Supply Co.,* 873 F. Supp. 2d 872 (E.D. Mich. 2012)
- *Phipps v. Wal-Mart Stores, Inc.,* 792 F.3d 637 (6th Cir. 2015)
- *Reliable Carriers Inc. v. Moving Sites LLC*, 2018 WL 1477666 (E.D. Mich. Mar. 27, 2018)
- *Scruggs v. CHW Grp., Inc.,* 2020 WL 9348208 (E.D. Va. Nov. 12, 2020)
- *Wang v. Gen. Motors, LLC,* 2019 WL 1950185 (E.D. Mich. May 2, 2019)
- *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003)

**BRIEF IN SUPPORT OF MOTION TO CERTIFY**

## I.     INTRODUCTION

A federal district court may certify an interlocutory order for immediate appeal under 28 U.S.C. § 1292(b) where, as here, the following "three conditions exist: '[1] the order involves a ***controlling question of law*** to which there is [2] ***substantial ground for difference of opinion*** and ... [3] ***an immediate appeal may materially advance the termination of the litigation***.'" *See In re Trump,* 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)) (emphasis and alterations in original). If all three conditions are met, the court "shall permit a party to appeal a non-final order" and it "must 'expressly find in writing that all three § 1292 requirements are met.'" *Eberline v. Douglas J. Holdings, Inc.*, 2019 WL 989284, at *1 (E.D. Mich. Mar. 1, 2019) (citing *In re Trump*, 874 F.3d at 951 and quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). In the present case, this Court's Order on CHW's Motion as to the sufficiency of Plaintiff's direct and vicarious TCPA liability allegations presents an appropriate case warranting immediate appellate review. [1]

Indeed, direct and vicarious liability are the very first elements of ***any*** TCPA claim; and it is widely recognized that such theories must be adequately pled in accordance with federal pleadings standards in ***every*** TCPA case to survive dismissal at the pleadings stage. *See, e.g., Dobronski v. Russo*, 2024 WL 4363118, at *4-5 (E.D.

---

[1] Fed. R. App. P. 5(a)(3) permits the Court to amend its Order, on its own or in response to this motion, to include the required permission statement for an appeal.

1

Mich. Sept. 30, 2024) (DeClerq, J.) (dismissing a TCPA complaint under Rule 12(b)(6), with similarly conclusory allegations, brought by the same Plaintiff on these bases, holding that simply alleging that "Defendants or Defendants' agent" called him was insufficient to allege a TCPA liability theory); *Dobronski v. Juliasangel Mktg., LLC*, 2025 WL 2659265, at *11 (E.D. Mich. Sept. 17, 2025) (Berg, J.) (ruling similarly in another TCPA case by this Plaintiff, and dismissing on these bases).

In fact, as the foregoing cases and those cited in the Motion and herein all show, federal district courts throughout the Sixth Circuit and across the country ***routinely*** dismiss TCPA claims under Rule 12(b)(6) on these core bases ***alone***. *See*, *e.g.*, ECF No. 12, PageID.66-76 (collecting cases). These threshold pleading requirements act as critical guardrails to prevent innocent defendants from facing costly litigation and potentially ruinous statutory damages under the TCPA when the allegations against them may (and often do) ultimately lack merit. *See also Childress v. City of Cincinnati, Ohio*, 765 F. Supp. 3d 662, 679 (S.D. Ohio 2025) (noting that federal district courts "play 'an important gatekeeper role'" at the motion to dismiss stage); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("[T]he "very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

Yet, despite this and the commonality of TCPA complaints generally, binding Sixth Circuit precedent to guide district courts when ruling on these key threshold

2

dispositive issues is surprisingly sparse and undeveloped. In fact, as discussed below, there is only *one* Sixth Circuit decision touching on these critical issues in the context of a Rule 12(b)(6) motion. *See Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, at *5-6 (6th Cir. May 29, 2019). This absence of guiding binding Sixth Circuit authority of these issues results in different courts in this Circuit applying different standards and reaching vastly different conclusions from each other in substantially similar cases. All this makes this Court's Order denying CHW's Motion on these same grounds in this case a prime candidate for an interlocutory review.

Here, the Court seemingly relied primarily on two non-binding decisions from courts in this same District in cases involving the same Plaintiff in denying CHW's Motion on these grounds. *See* ECF No. 17, PageID.160-162 (citing, *inter alia, Dobronski v. Fam. First Life, LLC*, 2024 WL 1342668, at *8 (E.D. Mich. Mar. 29, 2024) and *Dobronski v. Baid*, 2024 WL 3997059, at *2 (E.D. Mich. Aug. 29, 2024)). In this regard, the Court (i) noted that Plaintiff alleged some callers "identified themselves as 'with' or 'from' Choice Home Warranty" and (ii) held that "[j]udges in this District and elsewhere have found that, at the pleading stage, it is sufficient that a caller self-identify as a representative of the defendant to infer that the defendant is responsible for the calls." *Id*. Yet, again, this Court had only one applicable Sixth Circuit opinion (*Lucas*) on the standards for adequately pleading direct and vicarious TCPA liability to guide it when ruling in this case, on which it seemingly did not rely

3

in reaching its decision. *See* 2019 WL 3021233, at *5 (describing requirements for direct and vicarious liability and affirming dismissal for failure to plausibly allege either theory). Even then, *Lucas* was ultimately vacated in part after a rehearing, based on then-newly-issued FCC guidance on vicarious liability. *See* 2019 WL 13545379, at *5 (6th Cir. Nov. 1, 2019). Thus, *Lucas* is effectively of no moment here.

At bottom, this near total lack of guidance from the Sixth Circuit on these critical threshold issues <u>alone</u> warrants interlocutory review of this Court's Order, as other courts in this District have found. *See*, *e.g.*, *Delgado v. eMortgage Funding LLC*, 2022 WL 229884, at *3 n.2 (E.D. Mich. Jan. 25, 2022) (Friedman, J.) (granting 1292(b) motion to certify order denying 12(b)(6) motion on direct and vicarious TCPA liability grounds for interlocutory appeal, citing to *Lucas* and the scarcity of binding Sixth Circuit authority on these critical controlling legal issues as the basis).

Moreover, numerous other district courts in this Circuit and elsewhere (including courts applying *Lucas*) have ruled differently than this Court did here on these threshold issues in similar cases; and, in contrast to the Order, they have held the alleged content of a communication—even if the call was allegedly "from" the defendant or someone associated "with" the defendant, or if the caller otherwise mentioned the defendant's name or its products—is <u>not</u> indicative of (and thus is insufficient to plausibly allege) direct or vicarious TCPA liability, standing alone. *See, e.g.*, *Cunningham v. Health Plan Intermediaries Holdings, LLC,* 2021 WL 1946645,

4

at *2–4 (M.D. Tenn. May 14, 2021) (applying *Lucas*); *Murray v. Choice Energy, LLC,* 2015 WL 4204398, at *2-4 (S.D. Ohio July 10, 2015) (dismissing, even though plaintiff was "informed that the call was from Choice Energy," where there were "no factual allegations in the complaint that Choice Energy had any active role or involvement in [physically] placing the [subject] calls"); *Scruggs v. CHW Grp., Inc.,* 2020 WL 9348208, at *10 (E.D. Va. Nov. 12, 2020) ("The sole factual allegation linking CHW to the calls is that the caller identified himself as 'associated with CHW'" which is "insufficient under the *Iqbal* pleading standards" to plausibly allege direct TCPA liability) (citing *Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)); *see also* ECF No. 12, PageID.67-71 (collecting cases).

This analytical approach is logical and consistent with how federal courts have historically applied the *Iqbal*/*Twombly* pleading standard in TCPA cases for decades. Calls initiated by a third-party vendor would naturally identify the defendant by name, sells its products, or contain a link to its website, and thus the calls may have originated "from" or by someone associated "with" the defendant in a very technical sense, as Plaintiff alleges here. But both logically and as a matter of settled law, such calls are not "physically placed" by the defendant ***itself directly*** to the plaintiff and, therefore cannot support direct TCPA liability theory. *See also Bennett v. Celtic Ins. Co.,* 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (dismissing and holding that "a [TCPA] defendant 'generally does not [physically] initiate calls placed by third-party

5

telemarketers"). In short, there must be a "direct connection between a person or entity and the making of a call" for direct TCPA liability to attach; indirect connections will not do. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 7980 (2015). And if all it took to properly allege a liability theory was for a caller to state the defendant's name or sell its products, there would be no need for plaintiffs to distinguish between direct and vicarious liability theories in a complaint, and no TCPA case would ever be dismissed at the pleadings stage on these grounds. That is not so.

Further, while the Court also noted that (i) "some facts [omitted from Plaintiff's Complaint that could support a TCPA liability theory], such as Defendant's control over the phone numbers used to call Plaintiff, may be revealed only through discovery" and (ii) "[r]equiring plaintiffs to plead such facts initially would impede the right to recovery under the TCPA" (ECF No. 17, PageID.161), myriad other federal district courts have required TCPA plaintiffs to allege a plausible theory of liability with sufficient non-conclusory factual support ***without the benefit of discovery*** to avoid dismissal at the pleadings stage under Rule 12(b)(6). *See, e.g., Hurley v. Messer,* 2018 WL 4854082, at \*4 (S.D.W.Va. Oct. 4, 2018); *Hyatt v. J.B. Hunt Transp. Servs., Inc.,* 2015 WL 13648356, at \*2 (W.D. Ark. June 16, 2015) (both dismissing TCPA cases on these grounds, and holding that permitting discovery would be contrary to federal law). That is because the "very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints

6

without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). *See also Kolley v. Adult Protective Servs.,* 725 F.3d 581, 587 (6th Cir. 2013) (noting "Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment.").

Indeed, contrary to what the Court held in its Order, CHW respectfully submits that requiring TCPA plaintiffs to plead such basic facts before discovery would <u>not</u> impede the right to recovery under the TCPA. Plaintiff could have verified whether CHW itself was the actual caller here without the benefit of discovery in a number of ways, including for example by checking to see if the phone numbers from which the calls originated were owned or used by CHW (which a simple Google search can often accomplish), looking at his caller ID, or calling the number back to see if it reached CHW directly. *See* ECF No. 12, Page.ID72-74 (collecting cases where courts dismissed on these grounds where the plaintiff did not plead such simple facts).

Plaintiff apparently did not do any of this, because no such facts appear in his Complaint, however. Regardless, Plaintiff did not need discovery to investigate the true source of the alleged calls and identify who "physically" placed them (which is the touchstone of direct liability, as CHW's Motion discusses). Nor is Plaintiff entitled to any discovery at this stage to help him do so as a matter of well-settled federal law. In short, "[a]s a party to these calls, Plaintiff 'should be able to provide greater detail" to support a direct liability theory without discovery. *Matthews v. Senior Life Ins. Co.,*

7

2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025) (quoting *Scruggs,* 2020 WL 9348208, at *6) (dismissing on this basis). *See also Bank v. Alleviate Tax, LLC*, 2024 WL 1332635, at *5, n.6 (E.D.N.Y. Mar. 28, 2024) (ruling similarly and dismissing). All this, along with the utter dearth of binding authority on the proper standards for pleading direct and vicarious TCPA liability theories to guide this Court and others, shows that the Sixth Circuit's immediate guidance on these critical threshold issues is necessary in this case, and would be beneficial to other future TCPA litigants.

In sum, the requirements for certification of the Order under Section 1292(b) are easily met in this case. The Order raises important legal questions with enormous implications not only for this case but also many other cases, in this District and throughout this Circuit, and indeed nationally.[2] The standards for pleading direct and vicarious TCPA liability are unquestionably "controlling questions of law" as to which there are "substantial grounds for difference of opinion," and an immediate appeal of these dispositive issues would undoubtedly "materially advance the ultimate termination" of this case, as the entire Complaint would be subject to dismissal.[3]

---

[2] While Article III standing is not discussed therein, the Court's Order also raises standing issues because, if Plaintiff did not allege a sufficient TCPA claim under Rule 12(b)(6), then he also failed to demonstrate the causation and redressability elements for Article III standing under Rule 12(b)(1). *See, e.g., Hicks v. Alarm.com,* 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing under Rules 12(b)(1) and 12(b)(6), holding that "[b]ased on the deficiencies identified under Rule 12(b)(6) [with respect to direct and vicarious liability], Plaintiff also fail[ed] to properly plead causation and redressability" for Article III standing); *Barker v. Sunrun Inc.,* 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (ruling similarly and dismissing).

[3] Though CHW does not concede these points, CHW does not seek certification of the Order with respect to the Court's rulings on whether Plaintiff plausibly alleged the other essential elements of his asserted TCPA claims through this motion.

Plus, an immediate appeal is in the best interest of the Court and the litigants alike, and it would be vastly more efficient for all involved and consistent with the core principles of Fed. R. Civ. P. 1 for CHW to seek the Sixth Circuit's guidance on these issues now rather than wait until end-of-the-case review after substantial litigation on the merits, including a possible trial and costly discovery and motion practice. Therefore, the Court should certify the Order for an interlocutory appeal.

Finally, if the Court certifies the Order for appeal, CHW respectfully submits that it should also stay this case pending action by the Sixth Circuit. As courts have found, a stay would promote "economy of time and effort for the Court and the parties" by allowing the Sixth Circuit to consider these key threshold issues now before the parties and the Court devote significant time and resources to discovery, motions for summary judgment, and potentially a class action trial. *Cerjanec v. FCA US, LLC*, 2018 WL 7152556, at *3 (E.D. Mich. Sept. 4, 2018); *see also Delgado,* 2022 WL 229884, at *4 (granting motion to certify order for interlocutory appeal and staying case pending outcome of appellate proceedings, on the same grounds presented in this motion). This Court should reach the same conclusion here.

## II.    <u>ARGUMENT</u>

### A.    <u>The Court's Order Involves Controlling Questions of Law.</u>

The Court's Order satisfies the first "low bar" for certification under §1292(b). *See Delgado,* 2022 WL 229884, at *3 n.2 (noting that "The Sixth Circuit has ... set a

9

low bar for a determination that a question of law is controlling in the context of a motion for certification under § 1292(b).") (citing *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875 (E.D. Mich. 2012)). Under this first requirement, "[a]ll that must be shown in order for a question to be controlling is that resolution of the issue on appeal *could* materially affect the outcome of the litigation in the district court." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (emphasis added). Thus, "'the resolution of an issue need not necessarily terminate an action' or 'have precedential value for a number of pending cases' to be 'controlling'" for Section 1292(b) purposes. *Id.* (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)). Further, district courts consider the first and third Section 1292(b) certification requirements to be "closely tied" together. *See Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012) (citations omitted).

In this context, "'[t]he sufficiency of a complaint is a question of law.'" *In re Trump,* 874 F.3d at 951 (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 369 (6th Cir. 2011)). Threshold dispositive issues, like those involved in the Order, also "are undoubtedly controlling because their resolution could materially affect the outcome of the case." *Id.* (citing, *inter alia, Baker*); *see also Phipps v. Wal-Mart Stores, Inc.,* 792 F.3d 637, 642 (6th Cir. 2015) (accepting interlocutory review to resolve threshold issues), *abrogated on other grounds by China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018); *Reliable Carriers Inc. v. Moving Sites LLC*, 2018 WL

10

1477666, at *2 (E.D. Mich. Mar. 27, 2018) (certifying an order under §1292(b) involving a "dispositive issue"). Therefore, "an issue could be controlling if [for example] its resolution on appeal 'could result in a reversal of a district court's final judgment,' 'has precedential value,' or 'is central to liability[.]'" *Cerjanec*, 2018 WL 7152556, at *2 (quoting *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018-19 (W.D. Tenn. 2000)). Moreover, "[m]ixed questions of law and fact are [also] treated as questions of law for purposes of an interlocutory appeal." *Flint v. Ky. Dept. of Corr.,* 270 F.3d 340, 346 (6th Cir. 2001) (citing *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999)). Thus, where a "challenge is to the sufficiency of the [factual] allegations" in a complaint under applicable pleading standards, that is a "legal" question in this context. *In re Auto. Parts Antitrust Litig.,* 2013 WL 4784682, at *2–3 (E.D. Mich. Sept. 6, 2013).

Along these lines, district courts in the Sixth Circuit and elsewhere have correctly held that issues involving the appropriate pleading standards applicable to TCPA claims are "controlling" questions of law appropriate for certification for interlocutory appeal. *See, e.g.*, *Delgado,* 2022 WL 229884, at *3; *Brickman v. Facebook, Inc.*, 2017 WL 1508719, at *2 (N.D. Cal. Apr. 27, 2017) (granting motion to certify order for interlocutory appeal involving the pleading standard applicable to the other elements of an autodialer claim). This Court should rule similarly here.

Judge Friedman's well-reasoned decision in the *Delgado* case cited above is

11

directly on point here. In that case, the court denied the defendant's motion to dismiss on the grounds that the plaintiff plausibly alleged TCPA liability where he "asserted that [the defendant], or an agent acting on its behalf, violated the TCPA." *Delgado*, 2022 WL 229884, at *3. The defendant then moved to certify the order for interlocutory appeal on the grounds that there was little relevant binding precedent in this Circuit on the critical issues of direct and vicarious TCPA liability and whether the plaintiff had sufficiently pled facts supporting such theories could materially affect the outcome of the entire litigation. *Id*. Judge Friedman agreed, astutely holding that "[b]ecause there is so little relevant [binding] precedent on the pleading standard [*i.e.,* direct and vicarious liability] for TCPA call/text claims, … a substantial ground for difference of opinion exists in this case." *See id*. at *3 n.2. Such is true in this case.

Here, if the Sixth Circuit grants review of the Order, articulates the proper standards for pleading direct or vicarious TCPA liability under Rule 12(b)(6), and reverses on the grounds that this Court did not properly apply the standards when evaluating the sufficiency of Plaintiff's allegations in the Complaint, all of Plaintiff's claims are subject to dismissal. Again, TCPA cases are routinely dismissed under Rule 12(b)(6) for failure to state a claim, particularly in the Sixth Circuit, where (as here) a plaintiff does not assert a plausible direct or vicarious TCPA liability theory in accordance with federal pleading standards (*i.e.*, fails to plead specific non-conclusory facts under *Iqbal*/*Twombly* and their progeny), like Plaintiff failed to do here. *See, e.g.,*

12

*Murray*, 2015 WL 4204398, at *2; *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 WL 1946645, at *2–4 (applying *Lucas*); ECF No. 12, PageID.66-76 (citing various opinions in and beyond the Sixth Circuit); *see also* discussion at pp. 1, 4-8, *infra* (citing various additional cases dismissing on these same grounds). Consequently, as Judge Friedman aptly held, "[r]esolution of the issue [of] whether [P]laintiff sufficiently pled his TCPA claims"—*i.e.,* if he pled a plausible direct or vicarious liability theory in accordance with federal pleading standards—"on appeal could materially affect the outcome of the litigation before this Court" and "[t]herefore, the Court's [O]rder satisfies the first prong of the test for certification for interlocutory appeal" under 1292(b). *Delgado,* 2022 WL 229884, at *3 n.2.

## B.     There are Substantial Grounds for Difference of Opinion as to the Controlling Questions of Law In the Court's Order.

For the second 1292(b) requirement, CHW need only show that "'reasonable jurists *might* disagree on an issue's resolution, *not* merely where they have *already* disagreed.'" *In re Trump*, 874 F.3d at 952 (quoting *Reese v. B.P. Exploration, Inc.,* 643 F.3d 681, 688 (9th Cir. 2011)) (emphasis added). Generally, courts in this Circuit have held that "[s]ubstantial grounds for disagreement exist when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Cerjanec*, 2018 WL

13

7152556, at *2 (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)); *see also Delgado,* 2022 WL 229884, at *2 (ruling similarly). As applied in this case, reasonable jurists might disagree—and, in fact, *have* disagreed—with the Court's rulings on the controlling questions of law in the Order for at least two reasons:

1. ***There is Little Binding Precedent in the Sixth Circuit On the Standards for Pleading Direct or Vicarious TCPA Liability.***

As discussed above, a lack of (or minimal) binding authority on a controlling legal question alone can satisfy the second Section 1292(b) certification requirement. *See, e.g., Delgado,* 2022 WL 229884, at *3 & n.2. Again, *Delgado* is directly on point here, as the court based its decision there in part on the "little relevant [binding] precedent on the pleading standard [*i.e.,* direct and vicarious liability] for TCPA call/text claims" in the Sixth Circuit. *Id. See also Wang v. Gen. Motors, LLC,* 2019 WL 1950185, at *2 (E.D. Mich. May 2, 2019) (second factor weighed in favor of interlocutory appeal where there "[wa]s little precedent addressing this issue"); *Cerjanec*, 2018 WL 7152556, at *2 (finding second factor met where " there [wa]s little precedent on the issue"); *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012) (finding there was "substantial ground for a difference of opinion" under 1292(b) "[g]iven the absence of guidance from previous decisions").

As applied here, *Lucas* appears to be the ***only*** applicable decision from the Sixth Circuit to date on the necessity of and the standards for adequately pleading direct or vicarious TCPA liability for alleged unlawful calls or texts. The only other Sixth

14

Circuit opinions relevant to direct or vicarious TCPA liability were decided at the summary judgment stage and/or involve faxes (which have different liability standards than TCPA call/text cases like this one) and, thus, are not applicable to this case. *See, e.g., Keating v. Peterson's Nelnet, LLC,* 615 F.App'x 365, 371-75 (6th Cir. 2015); *Charvat v. EchoStar Satellite*, 630 F.3d 459, 465 (6th Cir. 2010); *Compressor Eng'g Corp. v. Manuf's Fin. Corp.*, 746 F. App'x 460, 463 (6th Cir. 2018); *Siding & Insulation Co. v. Alco Vending, Inc.,* 822 F.3d 886, 894–898 (6th Cir. 2016); *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634–37 (6th Cir. 2015). Furthermore, though the decision does generally discuss the direct liability pleadings standards (*i.e.,* that the plaintiff must plausibly allege the defendant itself physically place the subject calls directly to him/her), the *Lucas* case primarily involved issues of vicarious liability, as it was undisputed that the defendant did not place the calls directly. Moreover, as noted above, the *Lucas* decision was ultimately vacated in part on vicarious liability grounds. *See* 2019 WL 13545379, at *5 (6th Cir. Nov. 1, 2019). Therefore, *Lucas* provides very little (if any) guidance to lower courts on these issues.

In all, the complete dearth of binding relevant TCPA authority on the standards for properly pleading these threshold liability issues in TCPA cases shows why the Sixth Circuit's immediate review and further guidance is warranted here, as this Court had virtually no guidance when ruling on these core issues in the present case—issues that impact not only this case but also many others in this Circuit, given that TCPA

15

cases are often dismissed at the pleadings stage on these bases. This alone meets the second certification factor. *See, e.g., Delgado, Newsome,* and *Cerjanec*, *supra*.

### 2. Other Courts in the Sixth Circuit and Elsewhere Have Reached Different Conclusions Than This Court on The Same Controlling Legal Issues of Direct and Vicarious Liability.

Moreover, reasonable jurists have disagreed with this Court's analysis on the controlling legal issues of direct and vicarious TCPA liability. For example, in *Cunningham v. Health Plan Intermediaries,* the plaintiff did not identify the "real name of the person or entity calling" but instead alleged that "Defendants['] third-party agents" called him on the Defendants' behalf, he received prerecorded calls that all "mentioned each Defendant's products," and he subsequently "got written offers in the mail featuring all Defendants' names." 2021 WL 1946645, at *1.  Applying *Lucas,* the court held that, to adequately plead direct TCPA liability and avoid dismissal under Rule 12(b)(6), the complaint "must show that [the moving defendant] AXIS initiated, or physically placed, unlawful phone calls." *Id*. at *2 (citing *Lucas,* 2019 WL 3021233, at *5).  Because the complaint "contain[ed] no specific factual allegations that could plausibly demonstrate that AXIS [itself] initiated any call" at issue within the meaning of the TCPA (*i.e.,* physically made it), the court dismissed the TCPA counts "insofar as they rel[ied] on theories of direct liability." *Id*.

In this case, the primary reasons provided in the Order as to why the Court denied CHW's Motion on direct and vicarious liability grounds were that some callers

16

allegedly "identified themselves as [being] 'with' or 'from' Choice Home Warranty" and "at the pleading stage, it is sufficient that a caller self-identify as a representative of the defendant to infer that the defendant is responsible for the calls." ECF No. 17, PageID.160-162. However, mere "responsibility" is not the same as pleading direct or vicarious liability, which have vastly different pleading requirements. And, as noted above, myriad district courts in the Sixth Circuit and elsewhere have dismissed similar TCPA claims on direct and vicarious liability grounds where, as here, the plaintiff merely alleged that the calls came "from" the defendant or someone associated "with" the defendant (*i.e.*, a "representative") or that the caller identified the defendant or offered the defendant's products during the call. *See*, *e.g.*, *Dobronski*, 2024 WL 4363118, at *5 (dismissing, holding that Plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" to him was insufficient to plead a theory of TCPA liability); *Murray*, 2015 WL 4204398, at *2-4 (dismissing on direct liability grounds, even though plaintiff was allegedly "informed that the call was from Choice Energy," where there were "no factual allegations in the complaint that Choice Energy had any active role or involvement in [physically] placing the [subject] calls"); *Metzler v. Pure Energy USA LLC*, 2023 WL 1779631, at *5-6 (S.D.N.Y. Feb. 6, 2023) (dismissing on these bases, even though plaintiff was "connected to an agent who identified herself as a Pure Energy USA representative" on a call); *Bank*, 2024 WL 1332635, at *4-5 (no direct liability, even though plaintiff was connected to a

17

"representative" of defendant); *Belleville v. Florida Insur. Services, Inc.*, 2024 WL 2342337, at \*1-4 (S.D. Fla. May 23, 2024), *report and rec. adopted in part by,* 2024 WL 2794108 (May 31, 2024) (dismissing on these grounds, even though one caller said they were calling "from" the defendant and provided its website to plaintiff); *Katz v. Caliber Home Loans, Inc.,* 2023 WL 5311488, at \*3 (N.D. Tex. Aug. 17, 2023) (dismissing where plaintiff alleged an "unidentified caller 'offered the Defendant's services from the Caliber Home Loan Mortgage Refinance Team'"); *Scruggs,* 2020 WL 9348208, at \*10 ("The sole factual allegation linking CHW to the calls is that the caller identified himself as 'associated with CHW'" which is "insufficient under the *Iqbal* pleading standards" to plausibly allege a direct TCPA liability theory).[4]

That the content of the alleged call is not dispositive of TCPA liability makes perfect logical sense. After all, companies routinely outsource their marketing efforts to third parties. In such circumstances, there must be something more than a mere connection between the defendant and the alleged caller for TCPA liability to attach. *See, e.g., Bennett,* 2022 WL 865837, at \*3 (dismissing, holding "a defendant 'generally does not [physically] initiate calls [under the TCPA] placed by third-party telemarketers,' even if the third party had acted on its behalf"); *Wick v. Twilio Inc.,* 2017 WL 2964855, at \*3 (W.D. Wash. July 12, 2017) (ruling similarly, dismissing).

---

[4] Indeed, Plaintiff alleges, at most, that he was ***transferred*** to a CHW "representative" which also is <u>not</u> direct TCPA liability, as many other courts have held. *See* ECF No. 12, PageID.69 (collecting cases). The Court's Order does not discuss this, which further shows that reasonable jurists might disagree with the Court's analysis.

18

Moreover, this Court also apparently declined to dismiss the Complaint on direct or vicarious liability grounds because some facts that Plaintiff could have pled on these fronts "may be revealed only through discovery." ECF No. 17, PageID.161 (citing *Johnson*). Again, however, the entire purpose of Rule 12(b)(6) is to permit defendants to challenge the legal sufficiency of complaints prior to discovery. *See Yuhasz*, 341 F.3d at 566. It is also axiomatic the Federal Rules of Civil Procedure do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." That is particularly true for TCPA cases, where it is well-settled that plaintiffs must still sufficiently plead, without the benefit of any discovery, who physically placed the calls in all cases to avoid dismissal, as the many authorities above show. Indeed, as one court dismissing a similarly-defective TCPA claim held:

> As master[s] of [their] Complaint, it is [a plaintiff's] burden to state the facts within [their] knowledge that, taken as true, constitute a violation or violations of law. [Plaintiffs] possess[] knowledge as to each and every telephone call [they] [allegedly] received from [the defendant] and [are] perfectly capable of pleading facts to indicate to the Court that those calls violated the TCPA. As [Plaintiffs] failed to plead these facts, [their] Complaint must be dismissed pursuant to Rule 12(b)(6).

*Hyatt*, 2015 WL 13648356, at *2 (dismissing for the same reasons). Put differently, federal plaintiffs "must have a basis in fact and law for filing a lawsuit; [they] cannot file and then conduct discovery to see if there are facts that support [their] claim[s]." *Cholakyan v. Mercedes-Benz USA, LLC,* 2012 WL 12861143, at *24, n. 151 (C.D. Cal. Jan. 12, 2012). *See also Dunigan v. Thomas*, 2023 WL 2215954, at *19 (E.D. Mich. Feb. 24, 2023) ("[A] plaintiff is not entitled to discovery to find facts

19

necessary to plead a sufficient claim."). And it certainly was possible for Plaintiff to plead more facts to support his direct and vicarious liability theories without discovery here, as courts have found. *See* ECF No. 12, Page.ID 72-73; *see also Matthews*, *supra*. Plenty of other plaintiffs have, and avoided dismissal. Plaintiff just did not.

In sum, while this Court ruled differently on these points, the foregoing cases further show that the Sixth Circuit's immediate guidance is needed here. "Because there is so little relevant [binding] precedent on the pleading standard[s]" for direct and vicarious liability under the TCPA, and because other reasonable jurists may and have disagreed with this Court's analysis on those key controlling legal questions, "a substantial ground for difference of opinion exists in this case." *Delgado*, 2022 WL 229884, at *3. Therefore, the second requirement for certification is met here. *See In re Trump*, 874 F.3d at 952 (granting petition for interlocutory appeal because "fair-minded jurists might reach contradictory conclusions" to the district court's order).

**C.     An Immediate Appeal of the Order to the Sixth Circuit Would Materially Advance the Ultimate Termination of this Entire Case.**

"An interlocutory appeal materially advances the ultimate termination of litigation when appellate review could save 'judicial resources and litigant expense.'" *Cerjanec*, WL 7152556, at *3 (quoting *Newsome*, 873 F. Supp. 2d at 878). Further, "'[i]nterlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens [whereas] the role of interlocutory appeal is diminished when a case is nearing trial and large

20

expenditures have already been made.'" *Id*. (quoting *City of Memphis*, 138 F. Supp. 2d at 1026). Such is also true in the present case.

If the Sixth Circuit finds that the Court did not apply and/or the Plaintiff failed to meet the proper pleadings standards for direct and vicarious TCPA liability, then this entire case would be subject to dismissal under Rule 12(b)(6), which meets the third requirement. *See Delgado*, 2022 WL 229884, at *3 ("If the Sixth Circuit finds that plaintiff has failed to meet the TCPA's pleading standard for alleged unlawful calls or texts, the case would be subject to dismissal, thereby materially advancing the ultimate termination of the litigation."). *See also Sims v. First Horizon Nat. Corp.*, 2010 WL 1050976, at *4 (W.D. Tenn. Mar. 22, 2010) (finding requirement satisfied, even though plaintiff could hypothetically be granted leave to amend, because "interlocutory appeal at this juncture has the potential to save substantial resources in what will undoubtedly be protracted litigation"); *Exclusively Cats Veterinary Hosp., P.C. v. M/A/R/C Rsch., L.L.C.*, 444 F. Supp. 3d 775, 785 (E.D. Mich. 2020) (declining to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 after dismissing TCPA claim). That this case is still at its early stages only further supports why certification is appropriate here. *See Delgado*, 2022 WL 229884, at *3 (ruling similarly). Thus, the third requirement under Section 1292(b) is met, too.

### D.     This Case Should Be Stayed During the Appellate Proceedings.

Lastly, the Court should stay these proceedings pending the outcome of the

21

appellate proceedings. Once certified, the Sixth Circuit has discretion whether to grant an application for interlocutory review. *In re Trump*, 874 F.3d at 951. However, the application, which is to be made within 10 days of the district court's certification order, does not automatically "stay proceedings in the district court unless the district judge or the Court of Appeals" enters a stay. 28 U.S.C. § 1292(b). Thus, courts in this District routinely exercise their discretion and stay cases pending the outcome of an interlocutory appeal for the sake of judicial and party economy. *See, e.g., Delgado,* 2022 WL 229884, at \*4 (granting motion to certify order for interlocutory appeal in TCPA case and staying case pending outcome of appellate proceedings); *Cerjanec,* 2018 WL 7152556, at \*3 ("As judicial resources would be spared in adjudicating pending motions that may become moot after the appeal, the Court will STAY the proceedings pending the appeal."); *Eberline,* 2019 WL 989284, at \*3–4 ("It is appropriate to grant the stay because if the Court is reversed, the Court's and the parties' time and resources spent continuing the litigation will have been wasted."). As such, in addition to certifying the Order for interlocutory appeal, the Court should also enter an immediate stay pending the outcome of the appellate proceedings.

## III.    CONCLUSION

For all the reasons above, the Court should granting this motion, certify its August 21, 2025 Order (ECF No. 17) for interlocutory appeal to the Sixth Circuit, and stay this action pending the Sixth Circuit's decision to grant interlocutory review and

(if granted) until the conclusion of appellate proceedings.

In this regard, CHW respectfully suggests, in accordance with Fed. R. App. P. 5(a)(3), that the Court enter an amended order on the Motion, stating as follows (or similarly): *As to the Court's interlocutory order of August 21, 2025 order (ECF No. 17, the "Order"), the Court hereby amends and certifies its Order for interlocutory appeal in accordance with 28 U.S.C. § 1292(b), and finds, and is of the opinion, that the Order involves one or more controlling questions of law as to which there is substantial grounds for difference of opinion and an immediate appeal from the Order may materially advance the ultimate termination of the above-captioned litigation. This case is also stayed during the pendency and until the conclusion of the appellate proceedings, pending further order of this Court.*

Dated: October 17, 2025           Respectfully submitted,


By: /s/ A. Paul Heeringa

**MANATT, PHELPS & PHILLIPS, LLP**
A. Paul Heeringa (IL Bar No. 6288233)*
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com

Jonathan F. Karmo
**Howard & Howard PLLC**
450 W 4th St
Royal Oak, MI 48067
Telephone: (248) 723-0325
Email: jfk@h2law.com


***Attorneys for Defendant CHW Group, Inc.***

24

## CERTIFICATE OF SERVICE

I hereby certify that, on October 17, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Additional service will also be made via U.S. Mail, at Plaintiff's last known mailing address listed on the Court's CM/ECF docket.

*/s/ A. Paul Heeringa*

25