# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

        Plaintiff,

v.

**CHW GROUP, INC.**
d/b/a **CHOICE HOME WARRANTY**,

        Defendant.

Case No.   **2:24-cv-11649**

Honorable Linda v. Parker
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

_____

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF THIS COURT'S AUGUST 21, 2025 ORDER FOR AN INTERLOCUTORY APPEAL AND FOR A STAY OF PROCEEDINGS

Plaintiff, MARK W. DOBRONSKI, appearing *in propria persona*, hereby responds in opposition to Defendant's Motion for Certification of this Court's August 21, 2025 Order for na Interlocutory Appeal and for a Stay of Proceedings [ECF No. 21] ("Motion") filed by Defendant CHW Group, Inc. ("CHW").

In what can only be viewed as another desperate attempt to detour this Court from getting to the true facts of this case, CHW has filed the instant Motion.

For the reasons set forth in the accompanying brief,  Defendant's Motion should be denied.

Respectfully submitted,

Date: October 27, 2025

_____

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
(734) 641-2300
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MARK W. DOBRONSKI**, | Case No.  **2:24-cv-11649** |
| Plaintiff, | Honorable Linda v. Parker |
| | United States District Judge |
| v. | |
| | Honorable Kimberly G. Altman |
| **CHW GROUP, INC.** | United States Magistrate Judge |
| d/b/a **CHOICE HOME WARRANTY**, | |
| Defendant. | |

_____

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR CERTIFICATION**
**OF THIS COURT'S AUGUST 21, 2025 ORDER FOR AN**
**INTERLOCUTORY APPEAL AND FOR A STAY OF PROCEEDINGS**

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Whether the Order involves a controlling question of law; a substantial ground for difference of opinion exists regarding the correctness of the decision; <u>and</u> an immediate appeal may materially advance the ultimate termination of the litigation to justify that this Court should certify its Order for an immediate interlocutory appeal.

    CHW says:         Yes.

    Defendant says:   No.

2.  If certification is granted, whether the Court should stay these proceedings during the pendency of the appellate proceedings for efficiency.

    CHW says:         Yes.

    Defendant says:   No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002)

*Vitols v. Citizens Banking Co.*, 984 F.2d 168 (6th Cir.1993)

*Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185 (E.D. Mich. May 2, 2019)


28 U.S.C. § 1292(b)

31 U.S.C. § 5318


Fed. R. Civ. P. 8(a)

**INTRODUCTION**

On June 25, 2024, Plaintiff initiated this case against CHW Group, Inc. d/b/a Choice Home Warranty ("CHW") alleging violations under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101, *et seq.*, and the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.101, *et seq.,* arising from a series of eleven (11) telemarketing calls initiated by CHW to Plaintiff's residential and cellular telephone numbers. [Complaint, ECF No. 1].

Plaintiff has four telephone numbers: three residental lines and one cellular line. [ECF No. 1, PageID.8, ¶¶ 34, 35]. Plaintiff's residential lines are provided over Voice Over Internet Protocol ("VOIP") technology, so he can use the lines at his Michigan or Florida residences. [ECF No. 1, PageID.9, ¶ 40]. Plaintiff uses his cellular phone "primarily for personal, family, and household communications." [ECF No. 1, PageID.8, ¶ 37]. Plaintiff's affected telephone numbers have been registered on the National Do Not Call Registry, and have remained on the registry during the period of the alleged offenses. [ECF No. 1, PageID.8, ¶ 36].

Between July 25, 2023 and February 6, 2024, Plaintiff received eleven telemarketing calls from CHW or its agents, spread across his four telephone lines. [ECF No. 1, PageID-14-25, ¶¶ 62-164]. Plaintiff received the calls at his residence

in Washtenaw County, Michigan. [ECF No. 1, PageID.2, ¶ 6; PageID.9, ¶ 40]. Plaintiff has never authorized CHW or its agents to contact him, and he has no "established business relationship" with CHW. [ECF No. 1, PageID.10, ¶¶ 43-46].

For all calls but Call 5, the calling party identified themselves as being "with" or "from" Choice Home Warranty. [ECF No. 1, PageID.14, ¶ 64; PageID.15, ¶ 72; PageID.16, ¶ 83; PageID.17, ¶ 89; PageID.19, ¶¶ 107, 110; PageID.20, ¶¶ 116, 119; PageID.21, ¶¶ 125, 128; PageID.22, ¶¶ 136, 138; PageID.23, ¶ 148; PageID.24, ¶ 149; PageID.25, ¶¶ 158, 159].  During Call 5, although the caller identified himself by the name "George", but did not provide his entity name, the caller was the same "George" who called during Call 4. [ECF No. 1, PageID.18, ¶¶ 99, 100].

During Call 4, Plaintiff provided "George" with a controlled credit card number specifically designed to decline the transaction but log the merchant details with Plaintiff's financial institution. [ECF No. 1, PageID.17, ¶ 92].  During that call, George advised that the credit card was declined. [ECF No. 1, PageID.17, ¶ 93]. Plaintiff's financial institution logged a credit card charge attempt *by CHW* to Plaintiff's controlled credit card. [ECF No. 1, PageID., ¶ 97]. George provided Plaintiff with a call back telephone number for CHW of 888-503-6847. [*Id.*] Telephone number 888-503-6847 is listed on the Internet as belonging to CHW.

In response to the Complaint, CHW filed a Motion to Dismiss [ECF No. 12].

In the Motion to Dismiss, CHW argued, *inter alia*, that the Plaintiff's Complaint does not plausibly alleged any theory of liability under the TCPA against CHW and therefore should be dismissed. [ECF No. 12, PageID.65-76]. Plaintiff filed a response. [ECF No. 13]. CHW filed a reply. [ECF No. 14]. On August 21, 2025, this Court, after carefully considering the papers submitted, entered its articulate and well-reasoned Opinion and Order Denying Defendant's Motion to Dismiss. [ECF No. 17].

Now, in an apparent desperate attempt to further delay, and hopefully keep, the truth of CHW's illegal telemarketing conduct from being fully exposed, on October 17, 2025, CHW has filed Defendant's Motion for Certification of this Court's August 21, 2025 Order for an Interlocutory Appeal and for a Stay of Proceedings. [ECF No. 21] ("Motion").

Clearly, Defendant does not want the Court to get to the merits of this case for obvious reason. The public record clearly documents that CHW is heavily engaged in fraudulent business practices, including being a habitual TCPA offender. A review of the Court's PACER index documents over 50 different actions brought against CHW stemming from illegal telemarketing calls initiated by CHW. [ECF No. 1, PageID.26, ¶ 166]. Indeed, at this very moment in time, CHW is actively defending not only this individual action, but also four (4) class actions, all alleging violations of the TCPA.[1]

---

[1] The class actions include: *Cameron v. CHW Group, Inc.*, Case No. 2:23-cv-00320 (W.D. Tex.); *Claus v. CHW Group, Inc.*, Case No. 2:25-cv-00651

A casual review of the Better Business Bureau's public web site shows that BBB has received a whopping 11,908 consumer complaints made against CHW over the past 36 months; 4,610 consumer complaints in the past 12 months. [Source: www.bbb.org; last accessed10/3/2024]. The complaints received by the BBB show a prevailing common fact pattern: CHW makes lots of promises to sell the consumer a home warranty, collects the money; then "ghosts" the consumer when a claim is made. Another complaint made to the BBB is that CHW makes unwelcome telemarketing calls to consumers and refuses to honor do-not-call requests. The State of Arizona Attorney General has filed a Consumer Fraud lawsuit against CHW for engaging in deceptive and fraudulent business practices, including making false promises to consumers who purchased a home warranty policy, collecting millions from Arizona consumers, but using contract exclusions, payment caps, and bad-faith refusals to avoid paying for repairs. *State of Arizona v. CHW Group, Inc., et al.*, Case No. CV2019-013111 (Maricopa Cty. Ariz.) [ECF No. 1, PageID.26, ¶ 167].

## LEGAL STANDARD

Interlocutory appeals under § 1292(b) are "generally disfavored and should be applied sparingly,…'only in exceptional circumstances.' " *Dunigan v. Thomas*, 2024 WL 889032, at *9 (E.D. Mich. Mar. 1, 2024) (quoting *In re City of Memphis*, 293

---

(D. Nev.); *Gonzalez v. CHW Group, Inc.*, Case No. 3:24-cv-00203 (W.D. Tex.); and, *Jubb v. CHW Group, Inc.*, Case No. 2:23-cv-23383 (D. N.J.).

F.3d 345, 350 (6th Cir. 2002)). The Supreme Court additionally has held that, in general, "[r]estricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

Under § 1292(b), a district judge has discretion to certify a non-final order for an interlocutory appeal if the judge believes the moving party has shown that: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Id.* (citing *In re City of Memphis*, 293 F.3d at 350). To prevail, "[t]he moving party bears the burden to show that each requirement of § 1292(b) is satisfied" and the district court must then expressly find, in writing, that each requirement has been met. *Id.* (citing *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022)). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *In re Gillespie*, 2023 WL 4549561, at *3 (E.D. Mich. July 14, 2023) (quotation omitted). The party seeking an interlocutory appeal has the burden of showing that exceptional circumstances exist warranting an interlocutory appeal. *Gasiorowski-Watts v. CSX Transp., Inc.*, 2023 WL 7194898, at

*5 (N.D. Ohio Nov. 1, 2023) (citing *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 326 (M.D. Tenn. 2021)). "Additionally, district court judges have broad discretion to deny certification even where the statutory criteria are met." *Oellien v. Knox Cnty.*, 2025 WL 35969, at *4 (E.D. Tenn. Jan. 6, 2025); see also *Haak v. Franklin*, 2024 WL 3813732, at *5 (E.D. Mich. Aug. 14, 2024); *Wang v. GM, LLC*, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019).

## ARGUMENT

### CHW's request that the Court should certify the Order for an interlocutory appeal is not well founded.

While CHW argues that "[t]he Sixth Circuit has ... set a low bar for a determination that a question of law is control in the context of a motion for certification under § 1292(b)" [ECF No. 21, PageID-260-261], such is not the case. The United States Supreme Court, in *Johnson v. Jones*, 515 U.S. 304, 309, 115 S. Ct. 2151, 2154, 132 L. Ed. 2d 238 (1995) held:

> "Interlocutory appeals – appeals before the end of district court proceedings – are the exception, not the rule. The statute recognizes that rules that permit too many interlocutory appeals can cause harm. An interlocutory appeal can make it more difficult for trial judges to do their basic job – supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. It also risks additional, and unnecessary, appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have

11

turned out to be unnecessary. See Richardson–Merrell Inc. v. Koller, 472 U.S. 424, 430, 105 S.Ct. 2757, 2760, 86 L.Ed.2d 340 (1985); *Flanagan v. United States,* 465 U.S. 259, 263–264, 104 S.Ct. 1051, 1053–1054, 79 L.Ed.2d 288 (1984); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981)."

Review under § 1292(b) should be sparingly granted and then only in exceptional cases. *Plan Adm'r v. Anderson Excavating, LLC*, 649 B.R. 525, 528 (S.D. Ohio 2023) citing *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir.1993) (internal citations omitted). When exercising discretion to certify issues for interlocutory appeal, court must heed warning that interlocutory review should be granted sparingly and only in exceptional cases. *AFT Michigan v. Project Veritas*, 397 F. Supp. 3d 981, 994 (E.D. Mich. 2019). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)). "[L]eave to appeal from interlocutory orders should be granted only in 'exceptional circumstances' because to do otherwise would 'contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.'" *Abel v. Shugrue* (*In re Ionosphere Clubs, Inc.*), 179 B.R. 24, 28 (S.D.N.Y.1995).

**CHW's argument that Plaintiff has not sufficiently pled direct liability by CHW is specious.**

The crux of CHW's Motion is that "there is little binding precedent" and that Plaintiff has not met the necessary standards for pleading direct liability by CHW. [ECF No. 21, PageID.265-271]. CHW conveniently overlooks that, in the instance of each of the subject telephone calls (with the possible exception of Call 5)[2], the callers expressly identified themselves as being with CHW.

As to what must appear in the Complaint, the United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) held:

> "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

---

[2]   But, even as to Call 5, the caller was the same individual who called during Call 4 and identified himself as being with CHW.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955."

It appears that CHW wants to put the cart before the horse and, instead, require that the Plaintiff must provide irrefutable proof <u>prior</u> to pleading in the Complaint, that CHW is liable for the illegal telemarketing calls, when in fact, Plaintiff is only required to plausibly allege factual content that the defendant is liable for the misconduct alleged. Were CHW's convoluted view the legal standard, then no TCPA claim could ever survive a motion to dismiss.

Obviously, CHW is intent on trying to mislead this Court into believing that each and every one of the callers that identified themselves as being with CHW was lying. Even assuming, *arguendo*, that each of the callers was lying does not explain away the fact that, during the course of Call 4, a credit card charge transaction was attempted against Plaintiff's credit card account by <u>CHW</u>. [ECF No. 1, PageID.17-18, ¶¶ 92, 93, 97]. The USA PATRIOT ACT, codified at 31 U.S.C. § 5318, sets forth stringent customer identification and verification compliance requirements which all financial institutions must comply with, which includes their credit card merchant account holders. Accordingly, any "smoke" that CHW may try to place in the way of

14

the Court's view that the callers were not whatsoever affiliated with CHW is just that – smoke.  Courts often "follow the money" to ascertain liability.  Here, the money went into CHW's pocket.

The bad faith behind CHW's argument that did not initiate the calls and, hence, the need for an interlocutory appeal is evidenced by telephone conversation which was memorialized in an email sent by CHW's counsel to Plaintiff well subsequent to the filing of the Complaint, wherein CHW's counsel took that the position that CHW did, in fact, initiate the alleged telephone calls, and that CHW did so resultant from a purported "opt-in" lead providing prior express written consent to CHW.  See email attached at EXHIBIT 1.

CHW's reliance upon *Delgado v. eMortgage Funding LLC*, 2022 WL 229884, at *3 n.2 (E.D. Mich. Jan. 25, 2022) (Friedman, J.) is also misplaced.  In *Delgado*, there were multiple defendants, and the controlling legal issue related to the direct or vicarious liability of one of the secondary defendants.  Regardless, the Sixth Circuit dismissed the interlocutory appeal.  *In re eMortgage Funding, LLC*, No. 22-0102, 2022 WL 22965463, at *1 (6th Cir. Apr. 6, 2022).  In the instant case at bar, CHW is the only defendant, so there is no confusion over direct or vicarious liability which must be resolved.

"Interlocutory appeals are generally disfavored, and statutes permitting them

15

must be strictly construed." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); accord *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) ("Section 1292(b) appeals are exceptional."). Typically, interlocutory review is reserved for "exceptional" cases, as the basic structure of appellate jurisdiction disfavors piecemeal appeals. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Clark–Dietz*, 702 F.2d at 69. There is nothing "exceptional" about whether or not CHW has direct liability for the calls alleged in the Complaint. Not only is CHW doing everything within its power to prevent this Court from getting to the merits of this case, CHW also is doing what it can to prevent discovery from proceeding forward in order that the totality of CHW's illegal conduct cannot be exposed.

"The decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987), vacated on other grounds by *Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 1033 (1989); see *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress ...

chose to confer on district courts first line discretion to allow interlocutory appeals.");

*Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 405 n.9 (2004)

(Ginsburg, J., dissenting) ("[T]he decision whether to allow an [interlocutory] appeal

lies in the first instance in the District Court's sound discretion.").

## CONCLUSION

WHEREFORE, for the reasons set forth, *supra*, Plaintiff respectfully requests

that this Court enter its order that Defendant's Motion for Certification of this Court's

August 21, 2025 Order for an Interlocutory Appeal and for a Stay of Proceedings

[ECF No. 21] be **denied**.

Respectfully submitted,

Date: October 27, 2025
_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
(734) 641-2300
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

I hereby certify that on **October 27, 2025**, I electronically filed the foregoing *Plaintiff's Response in Opposition to Defendant's Motion for Certification of this Court's August 21, 2025 Order for an Interlocutory Appeal and for a Stay of Proceedings* with the Clerk of the Court via the Court's Pro Se Document Upload utility, which will send notification of such filing to all counsel of record via the CM/ECF system.

_____
Mark W. Dobronski

18

# EXHIBIT 1

Dobronski v. CHW Group Inc. - Case No. 24-cv-11649 (ED Mich)

From:  Heeringa, Paul (pheeringa@manatt.com)

To:      markdobronski@yahoo.com

Cc:      jfk@h2law.com; kfowler@manatt.com

Date:   Friday, November 15, 2024 at 01:52 PM EST


Hi Mark:

Our local counsel is in receipt of the letter you sent today about the case, and forwarded it to me. As a reminder, I am lead counsel for CHW, so please include me on all future correspondence.

Without responding to or conceding the rest of the highly unorthodox issues raised in your letter (and for the avoidance of doubt, your accusations are denied), you asked whether CHW would stipulate to or oppose a request for leave to amend your complaint to include these new allegations.  CHW will oppose your belated request for leave to amend.

Nevertheless, we will investigate your latest allegations and get back to you.  Before we can do that, can you please advise as to the alleged caller's phone number and which of your many phone numbers was allegedly called today?

I will reach out next week to resume our Rule 408 discussions.  It's been on my list to do so, but I have been busy.  Please let me know your availability for a call.

Relatedly, while I want to discuss this with you in more detail next week, I wanted you to know now since you reached out that we recently learned from CHW that not only did they have an opt-in for your phone number relating to the calls at issue (hence that your claims against CHW appear to lack merit), but also that my name (albeit my legal first name "Aaron", which I never do, and spelled incorrectly) was on the opt-in.  The former is not surprising, since CHW only calls with prior express written consent as we have previously discussed.  The latter is surprising, especially considering that this is now the second TCPA lawsuit you have filed in which my firm was involved where that has happened (the other being the First American case) as you know.  And as I recall, you used this as a basis to ask for early discovery in the First American case, which that client had to spend significant fees in opposing.  I don't know if you will try to do that here, but I obviously didn't submit the lead.  I know for certain that CHW didn't either, as CHW is a direct competitor of First American, and I have been CHW's TCPA litigation counsel for nearly a decade.  In fact, it would defy all logic or common sense to think they (or *anyone* else) would submit a fake lead with my name but your number on it, considering how well known we both are in the TCPA space.  It's simply ludicrous, frankly.  What is worse, since the First American case I have also heard from *several* other defense counsel in other TCPA cases where the same thing has happened – i.e., their lead has some variation of my name or my wife's name (far worse and certainly not appreciated) or my home address (not appreciated), and yet has one of your numbers on it, or another well-known serial litigant's numbers.

I don't know for certain who is doing this yet, so I am not accusing you of anything at this time. Respectfully, however, this is obviously not only a serious issue for our clients but also for me personally, it needs stop from recurring, and the odd connections between this issue and you are undeniable.  Thus, we are compelled demand that (a) if you are submitting these leads with my or my wife's name on them or know who is or may be doing so, that you immediately cease and desist

from doing so and instruct such other persons not to do so going forward, and (b) you immediately confirm in writing that you have preserved all internet accessible computing devices (e.g., smart phones, tablets, laptops, and PCs) that are/were in your possession, custody or control, or to which you had access, from July 2023 to the present, including all the data thereon. We also ask you to advise whether you would be willing to voluntarily submit those devices to a mutually acceptable third party for forensic copying and preservation (CHW would pay for the copies) or, alternatively, for *in camera* review by the court. CHW reserves all rights and privileges on this issue (as do I and my wife).

I look forward to speaking with you again next week. Have a good weekend.

Best regards,

**A. Paul Heeringa**
Partner

**Manatt, Phelps & Phillips,** LLP
151 North Franklin Street
Suite 2600
Chicago, IL 60606
**D** (312) 529-6308 **F** (312) 529-6315
PHeeringa@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.