UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

CHW GROUP INC., d/b/a
CHOICE HOME WARRANTY,

    Defendant.
_____/

Case No. 24-cv-11649
Honorable Linda V. Parker

## **OPINION AND ORDERY DENYING DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL**

This lawsuit arises from eleven phone calls Plaintiff allegedly received from Defendant or Defendant's agents between July 25, 2023, and February 6, 2024. Plaintiff alleges that the calls were made in violation of the Telephone Consumer Protection Act of 1991, the Michigan Telephone Companies as Common Carriers Act, and the Michigan Home Solicitation Sales Act. Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing *inter alia* that Plaintiff failed to plead sufficient facts to establish Defendant's direct or vicarious liability for the calls. (ECF No. 12.) In an opinion and order entered August 21, 2025, the Court denied Defendant's motion. (ECF No. 17.)

The matter is now before the Court on Defendant's motion to certify that decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay the

proceedings. (ECF No. 21.) Defendant argues that the issue of its liability for the subject calls warrants interlocutory review. Plaintiff opposes Defendant's motion. (ECF No. 23.) For the reasons set forth below, the Court is denying Defendant's request.

## Standard for Interlocutory Appeal

Under § 1292(b), a court "may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)) (emphasis removed). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 88-89 (E.D. Mich. 2022) (quoting *Lang v. Crocker Park LLC*, No. 1:09 CV 1412, 2011 WL 3297865, *5 (N.D. Ohio July 29, 2011)); *see also In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation omitted). The party seeking an interlocutory appeal bears the burden of showing that an immediate appeal is warranted. *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d at 384).

When deciding whether to certify an order for interlocutory appeal under § 1292(b), courts must heed the Sixth Circuit's warning that such review should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d at 350 (citing *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).  The Supreme Court additionally has held that, in general, "[r]estricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

## Application

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (citation omission).  The Sixth Circuit has broadly stated that "[t]he sufficiency of a complaint is a question of law." *In re Trump*, 874 F.3d at 951 (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)).  In that case, the Sixth Circuit found that the "district court's order holding that the allegations of the complaint stated a facially valid claim for 'incitement to riot' under [Kentucky law] falls comfortably within the category of an 'order that involves a question of law.'" *Id.* (citing 28 U.S.C. § 1292(b); *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018 (6th Cir. 2001)).

While interlocutory appeals may be "frequently . . . allowed on the question whether the plaintiff has stated a claim if the problem is a difficult one of substantive law," they are infrequently granted when the question is "a mere matter of properly pleading a claim sought to be brought within a recognized and generally sufficient legal theory."  Edward H. Cooper, 16 Fed. Prac. & Proc. § 3931 (3d ed.) (internal footnotes omitted and collecting cases).  As the Eleventh Circuit Court of Appeals has explained: "A pure question of law is an issue the court can resolve 'without having to delve beyond the surface of the record to determine the facts,' as opposed to a case-specific question of 'whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.'"  *Mamani v. Berzain*, 825 F.3d 1304, 1312 (2016) (quoting *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004)); *see also United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340-341 (4th Cir. 2017) (quotation marks and citation omitted) (explaining that interlocutory review "may be appropriate where the court of appeals can rule on a pure, controlling question of law" but "is not appropriate where, for example, the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case"); *Harriscom v. Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("Where, as here, the controlling issues are questions of

fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal . . ..").

This Court's ruling for which Defendant seeks an interlocutory appeal does not raise pure questions of law. Instead, the controlling issues are questions of fact applied to settled law. Contrary to Defendant's assertion, there is no lack of authority on what is required to establish direct or vicarious liability in a TCPA case. Common law principles of agency apply. Those principles were applied by this Court here, as they were by the district judges in the cases Defendant cites in its brief. The differences in the holdings in those cases was not the requirements to establish direct or vicarious liability of the defendants, but the facts alleged to establish that liability.

Thus, the first requirement for interlocutory appeal is not satisfied. As all three requirements must be met to warrant interlocutory review, the Court's analysis begins and ends here.

Accordingly,

**IT IS ORDERED** that Defendant's motion for interlocutory appeal is **DENIED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: November 3, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 3, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager